```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA        :         ORDER ON MOTION FOR
                                :         REDUCTION OF SENTENCE
        -against-               :         UNDER 18 U.S.C. § 3582(c)(1)(A)
                                :         (COMPASSIONATE RELEASE)
GEORGE TREVOR PORRATA,          :
                                :         Docket No.  16-cr-93(DLI)
                 Defendant.     :         USMS No.    53183-048
---------------------------------------------------------x
```

**Dora L. Irizarry, United States District Judge:**

Defendant, George Trevor Porrata ("Defendant"), moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). After complete review of the motion on the merits and, upon due consideration of the applicable factors set forth in 18 U.S.C. § 3553(a) as well as the applicable policy statements issued by the United States Sentencing Commission to the extent they are relevant as to whether a reduction is warranted (and, if so, the amount of the reduction), it hereby is ORDERED that the motion is DENIED.

Defendant seeks compassionate release and a reduction of his sentence because his father was diagnosed with advanced cancer in 2019 and, sometime in the early part of 2020, was placed in hospice care as nothing more could be done for his father's recovery. Defendant wants to see his father before he passes away. Defendant's motion was opposed both by the Government and the U.S. Probation Department ("Probation") for substantially the same reasons. *See,* Govt. Resp., Dkt. Entry No. 87; Prob. Status Report ("SR"), Dkt. Entry No. 88. The Court concurs with the reasoning of the Government and Probation in denying Defendant's motion.

The Court construes defendant's request (as did the Government) as a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act, under the catch-all provision of the U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.13, App. N. 1, that sets forth extraordinary and compelling reasons justifying release. As an initial matter, Defendant did not exhaust his

administrative rights as the Bureau of Prisons ("BOP") did not make such a request on his behalf, nor did Defendant make his request to the BOP or show a lapse of thirty (30) days without action by the BOP upon making such request as required under § 3582(c)(1)(A).

According to the BOP, Defendant has a projected release date of January 29, 2022. Prob SR p. 2; Govt. Resp. p. 1. Notably, Defendant misrepresented to the Court that he was eligible for release to a Residential Re-entry Center ("RRC") in December 2020. As noted by both Probation and the Government, Defendant would have been eligible for release up to a year early had he successfully completed the Residential Drug Abuse Program ("RDAP") in the BOP. However, defendant was expelled from the RDAP in December 2019. Prob SR p. 2. Moreover, he incurred a disciplinary incident on August 4, 2018 for possession of narcotics and lost 41 days of good conduct time. *Id.*

As noted by the Government in its opposition, Defendant has not satisfied the criteria for compassionate relief, *i.e.*, he has not demonstrated that he has any serious illness or impairment, advanced age, or need to care for a child, spouse or registered partner. Govt. Resp. p. 2. The Court is not unsympathetic to the tragedy of Defendant's father's illness and the fact that the Defendant would prefer to be with his father than in prison. However, this situation does not present the kind of compelling and exigent circumstances that would justify reducing Defendant's sentence.

First, given the challenges presented by the COVID-19 pandemic, and the stringent regulations that have been put in place with respect to travel and visitation in hospitals, nursing homes and hospice care, in particular, it is extremely unlikely that the hospice where Defendant's father is housed would permit Defendant to visit his father in person. The Government states that Defendant's prison counselor has assisted Defendant in making telephone calls to his father in

light of his father's illness, but it is unlikely that the prison facility can facilitate video calls between the two. Govt. Resp. p. 3, FN. 3.

Second, as noted by Probation, Defendant did not provide any release plan whatsoever. He did not provide an address where he planned to live or with whom or how he would quarantine in keeping with COVID-19 pandemic safety protocols. He did not provide any information whatsoever for his father, such as contact information, location of the hospice, etc. so that the father's medical condition could be vetted by Probation. Notably, Defendant is not seeking release to care for his father as his father already is in hospice care. Defendant seeks to see his father and, as noted above, the prison facility has enabled Defendant to communicate with his father.

Finally, as argued by the Government, the 18 U.S.C. § 3553(a) factors considered by the Court at sentencing militate against Defendant's early release. The Government allowed the Defendant to plead guilty to a lesser included offense that has a statutory maximum of 60 months of incarceration. Defendant's sentence guideline range as determined by the Court at sentencing was 262 – 327 months based on a Total Offense Level of 36 and a Criminal History Category of IV. The sentence of 60 months of incarceration imposed by the Court is a dramatic downward variance from the applicable guidelines range. Defendant victimized hundreds of investors with restitution ordered in the amount of $1,046,385.50.

While Defendant's father's medical situation is tragic, it does not present the kind of compelling circumstance that warrants early release and Defendant's request is denied.

SO ORDERED.

DATED: Brooklyn, NY
       February 26, 2021

_____/s/_____
UNITED STATES DISTRICT JUDGE